IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sea Island Elevator, <br><br> Plaintiff, <br><br> v. <br><br> The Town of Edisto Beach and Patrick Brown, <br><br> Defendants. | Civil Action No. 2:22-00258-RMG <br><br> **ORDER AND OPINION** |

The matter before the Court is Defendants' 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. No. 4). For the reasons stated below, the motion is granted in part, denied in part.

### I. Background

On January 14, 2022, Plaintiff filed an action against Defendants in the Court of Common Pleas for Colleton County, South Carolina. (Dkt. No. 1-1). On January 27, 2022, Defendants removed the case to federal court based on federal question jurisdiction. (Dkt. No. 1 at ¶ 2). The complaint asserts a claim pursuant to 42 U.S.C. § 1983 and an abuse of process claim against Defendants for denying permits of residential elevators installed by Plaintiff. (Dkt. No. 1-1 at ¶ 7, 12, 15). Plaintiff alleges Defendant Brown may be an agent or employee of Defendant Town of Edisto. (*Id.* at ¶ 3). Plaintiff alleges Defendant Town of Edisto is responsible for permitting and approving construction on Edisto Beach. (*Id.* at ¶ 4). Plaintiff alleges the Defendants denied his permit request on residential elevators he installed. (*Id.* at ¶¶ 7-8). Plaintiff alleges that Defendants' acts and omissions are in violation of South Carolina Rules, Regulations, and Codes.

1

(*Id.* at ¶ 24). Plaintiff alleges that Defendants are interfering with the ability of the Plaintiff to make a living. (*Id.* at ¶¶ 25, 29).

On February 1, 2022, Defendants filed a 12(b)(6) motion to dismiss the complaint for failure to state a claim. (Dkt. No. 4). On the same day, the Court entered a text order granting Plaintiff leave to file an amended complaint pursuant to Rule 15(a)(1)(B), or to file a response to Defendants' motion to dismiss on or before February 11, 2022. (Dkt. No. 5). Plaintiff did not file an amended complaint or a response. On February 16, 2022, the Court entered a text order instructing Plaintiff to file an amended complaint or a response to Defendants' motion on or before February 18, 2022. To date, Plaintiff has not filed an amended complaint or a response. The matter is ripe for the Court's review.

## II.   Legal Standard

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

First, Defendants move to dismiss Plaintiff's § 1983 claim for failure to state a claim. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she has been deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States and (2) that the conduct complained of was committed by a person acting under color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

A municipality cannot be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Local governments can be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. *Monell* claims can arise (1) through an express policy; (2) through the decisions of final policymakers; (3) through an omission, such as failure to properly train officers, that manifests deliberate indifferent to the rights of citizens; or (4) through persistent and widespread practices equating to the force of law. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). To prevail under a *Monell* claim, a plaintiff must point to a "persistent and widespread practice [] of municipal officials," the "duration and frequency" of which indicate that policymakers (1) had constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference" *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1386-91 (4th Cir.

1987)). Knowledge and indifference can be inferred from the extent of employees' misconduct. *Id.* at 1391.

Where a Plaintiff asserts a 42 U.S.C. § 1983 claim against municipal officials for the denial of a permit under state or municipal law, the Fourth Circuit Court of Appeals conducts a due process analysis to determine whether Plaintiff was deprived of a property interest in violation of a right protected by the Fourteenth Amendment. *Clift v. Ware*, 166 F.3d 331, at 2-3 (4th Cir. 1998) (unpublished opinion) (holding that municipal officials' discretion to deny the permit forecloses a cognizable property interest in the permit).

Plaintiff has not alleged Defendants violated due process rights for denying the permit, nor has Plaintiff alleged Defendants violated a constitutional right by denying the building permit application. Plaintiff has not otherwise alleged he has been deprived of a right, privilege, or immunity secured by the Constitution. Therefore, Plaintiff fails to state a cognizable Section 1983 claim. Defendants' motion to dismiss is granted as to Plaintiff's § 1983 claim.

Second, Defendants ask the Court to exercise supplemental jurisdiction over Plaintiff's state law abuse of process claim and dismiss the claim. (Dkt. No. 4 at 2). Defendants also ask the Court to dismiss Plaintiff's request for Pre-Litigation Mediation pursuant to S.C. Code § 6-29-1155. (*Id.*). Once a district court has dismissed the federal claims in an action, it maintains discretion to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction, or remand in cases removed from State court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345, 357 (1988); 28 U.S.C. § 1367(c) (listing factors to inform whether to exercise supplemental jurisdiction over State claims such as whether the State claims involve novel or complex issues of law; whether the State law claims predominate; whether the federal claims remain in the case). When the exercise of this discretion involves the additional question of whether to remand the case

to State court, the federal court should consider "principles of economy, convenience, fairness, and comity". *Carnegie-Mellon*, 484 U.S. at 357.).

The Court has considered these principles and the Court finds that remand is proper. The Court has dismissed Plaintiff's federal claim that solely justifies the Court's jurisdiction. Plaintiff's remaining claim and demand for pre-suit litigation arise under State law. Therefore, the Court will remand Plaintiff's remaining claim and demand for pre-suit litigation to the Court of Common Pleas for Colleton County, South Carolina.

## IV.   Conclusion

For the reasons stated above, the Court **GRANTS** in **PART**, **DENIES** in **PART** Defendants' motion to dismiss the complaint for failure to state a claim. (Dkt. No. 4). The Court **GRANTS** Defendants' motion to dismiss Plaintiff's sole federal claim asserted pursuant to 42 U.S.C. § 1983. The Court **DENIES** Defendants' request to exercise supplemental jurisdiction over Plaintiff's State law claim The Court **REMANDS** Plaintiff's remaining claim and demand for pre-suit litigation to the Court of Common Pleas for Colleton County, South Carolina for adjudication on the merits.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel<br>
Richard M. Gergel<br>
United States District Judge

March 29, 2022
Charleston, South Carolina